Howard R. FEASE and Andrea M. Fease, Plaintiffs,

v.

TOWN OF SHREWSBURY, Daniel J. Morgado, A. Wayne Sampson, John LeBeaux, Thomas Fiore, Maurice De-Palo, Bruce Card, and Phillip Hammond Defendants.

No. CIV.A. 01–40041–NMG.

United States District Court, D. Massachusetts.

Jan. 4, 2002.

Howard R. Fease Shrewsbury, MA, Pro se.

Andrea M. Fease, Shrewsbury, MA, for Pro se.

John J. Davis, Pierce, Davis, Fahey & Perritano, LLP, Boston, MA, for Defendants.

## MEMORANDUM AND ORDER

GORTON, District Judge.

The plaintiffs in this action, Howard and Andrea Fease, have filed this ten-count complaint against the Town of Shrewsbury and several town officials alleging civil rights violations. Seven counts allege violation of equal protection, and the remaining three counts allege "violation of civil rights." The plaintiffs, who are town residents, are seeking injunctive relief, damages, and costs. Pending before this Court is the defendants' motion for a more definite statement pursuant to Fed. R.Civ.P. 12(e) (Docket No. 3).

The Federal Rules of Civil Procedure provide for a motion for a more definite statement where a complaint is "so vague or ambiguous that a party cannot reasonably be required to frame a responsive answer." Fed.R.Civ.P. 12(e). Courts do not invoke Rule 12(e) frequently and more often dismiss such complaints with leave to amend. *See Cash Energy, Inc. v. Weiner,* 768 F.Supp. 892, 897 (D.Mass.1991).

It is well settled that pro se complaints must:

> be held to 'less stringent standards than formal pleadings drafted by lawyers' and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of a claim which would entitle him to relief.'

*Navedo v. Maloney,* 172 F.Supp.2d 276, 284 (D.Mass.2001) (quoting *Estelle v. Gamble,* 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)). Even though pro se complaints are held to a relaxed standard of pleading, the complaint here is too vague to enable the defendants to file a responsive pleading.

The complaint is deficient for two reasons:

1) With respect to the plaintiffs' equal protection claims, plaintiffs fail to allege that they are members of a suspect class and that they were discriminated against based upon their membership in that class.

In order to state a claim for violation of equal protection, the plaintiffs must allege that they were selectively treated compared to others similarly situated and that such selective treatment was based on impermissible considerations such as race or gender. *Baker v. Coxe,* 940 F.Supp. 409, 416 (D.Mass.1996). Although, the plain-

tiffs state that Plaintiff Andrea Fease is a person of Japanese descent, they fail to allege that she was discriminated against based upon her race.

2) With respect to the remaining civil rights claims, the plaintiffs fail to allege which of their civil rights have been violated.

In order to state a claim for relief, the plaintiffs must identify which right or rights secured to them by the Constitution has or have been violated.

### ORDER

Because of the deficiencies in the complaint enumerated in the above Memorandum, the defendants' motion for a more definite statement (Docket No. 3) is DENIED, and the plaintiffs' complaint is DISMISSED without prejudice and with leave to amend within twenty-one (21) days of the date of this order.

So ordered.